UNITED STATES DISTRICT COURT
                      DISTRICT OF MASSACHUSETTS

CRIMINAL ACTION NO. 01-10175-JLT

                      UNITED STATES OF AMERICA

                                  v.

                         HENRY JUAN WILLIAMS


                     **REPORT AND RECOMMENDATION RE:**
                    **MOTION FOR APPOINTMENT OF COUNSEL**
                          **(DOCKET ENTRY # 81)**

                            **August 4, 2006**

**BOWLER, U.S.M.J.**

   On July 17, 2006, defendant Henry Juan Williams ("Williams") filed a motion for appointment of counsel.  (Docket Entry # 81).  The district judge thereafter referred the motion to this court for a report and recommendation.

   On October 2, 2001, Williams pled guilty to counts two, three and four of the Indictment charging distribution of cocaine base and aiding and abetting in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2.  On December 18, 2001, the court imposed a sentence of 100 months and three years supervised release on the foregoing counts, dismissed Count One and entered a judgment.

   Williams did not appeal the conviction.  In addition, Williams took no action after the judgment entered until he filed the present motion for appointment of counsel in July 2006.

Although Williams filed the motion in the United States District Court in the District of Massachusetts, he styles the filing as "Commonwealth v. Henry Juan Williams" with a civil or criminal action number of "Nos. 1994-11596." (Docket Entry # 81). The clerk docketed the motion in this case, Criminal Action No. 01-10175-JLT.

The substance of the motion is not enlightening as to why and in what proceeding petitioner requires counsel. There is no pending motion filed under 28 U.S.C. § 2255 ("section 2255") in this case. Moreover, petitioner seeks appointment under Rule 8 and Rule 30 of the Massachusetts Rules of Criminal Procedure. Rule 8 allows for certain state courts to appoint counsel and Rule 30 provides a means to collaterally attack a state court conviction. None of these rules apply to a criminal proceeding in federal court.

It is also well settled that, "[T]here is no constitutional right to counsel beyond the appeal of a criminal conviction." Swazo v. Wyoming Department of Corrections State Penitentiary Warden, 23 F.3d 332, 333-334 (10th Cir. 1994). Williams' time to file an appeal as of right has expired.

Williams does, however, assert that, "[T]he intereest [sic] of justice would best be served if counsel were to represent the defendant." (Docket Entry # 81). The analogous phrase, "the interests of justice," appears in the federal statute that allows for the discretionary appointment of counsel in federal habeas

proceedings and section 2255 motions.  18 U.S.C. § 3006A(a)(2). Under 18 U.S.C. § 3006A(a)(2) ("section 3006A(a)(2)"), a court may appoint counsel for a "financially eligible person seeking relief under" certain federal statutes "when the interests of justice require."  Battle v. Armontrout, 902 F.2d 701, 702 (8th Cir. 1990).  Accordingly, this court construes the motion (Docket Entry # 81) as seeking appointment of counsel under section 3006A(a)(2).

Section 3006A(a)(2) provides that:

> (2) Whenever the United States magistrate judge or the court determines that the interests of justice so require, representation may be provided for any financially eligible person who-- . . .
>
>    (B) is seeking relief under section 2241, 2254, or 2255 of title 28.

18 U.S.C. § 3006A(a)(2).  Unless the court conducts an evidentiary hearing, however, such an appointment is discretionary.  See Swazo v. Wyonming Dept. of Corrections State Penitentiary Warden, 23 F.3d at 333-334 (appointment of counsel "is left to the court's discretion" unless evidentiary hearing is required); Abdullah v. Norris, 18 F.3d 571, 573 (8th Cir. 1994) (if "court conducts an evidentiary hearing on the petition the interests of justice require that the court appoint counsel"); Rule 8, 28 U.S.C. foll. § 2255.

The rare cases warranting appointment of counsel in the "interests of justice" typically involve nonfrivolous claims with factually and/or legally complex issues and a petitioner who is

3

severely hampered in his ability to investigate the facts.  See United States v. Mala, 7 F.3d 1058, 1063-1064 (1st Cir. 1993); Abdullah v. Norris, 18 F.3d at 573 (where the petitioner presents nonfrivolous claim, court should consider legal and factual complexity of case and the petitioner's ability to investigate in determining appointment of counsel under section 3006A(a)(2)).

In the case at bar, it is not clear why petitioner requires the services of counsel.  There is no pending motion before this court.  Assuming that petitioner seeks appointment of counsel in "Nos. 1994-11596" in "Commonwealth v. Henry Juan Williams," that matter is more than likely an ongoing state court proceeding inasmuch as the Commonwealth is identified as the prosecuting entity.  Principles of comity dictate that this court not interfere with the ongoing proceedings of a state court.

## CONCLUSION

In accordance with the foregoing discussion, this court **RECOMMENDS**[1] that Williams' motion for appointment of counsel (Docket Entry # 81) be **DENIED**.

---

[1] Any objections to this Report and Recommendation must be filed with the Clerk of Court within ten days of receipt of the Report and Recommendation to which objection is made and the basis for such objection.  Any party may respond to another party's objections within ten days after service of the objections.  Failure to file objections within the specified time waives the right to appeal the order.  United States v. Escoboza Vega, 678 F.2d 378-379 (1st Cir. 1982); United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986).

                 <u>/s/ Marianne B. Bowler</u>
                 **MARIANNE B. BOWLER**
                 United States Magistrate Judge